## Commonwealth v. Kemp

*W. S. Sharpless*, district attorney, for Commonwealth.

*J. Atlee Cryder*, for defendant.

KREISHER, P. J., July 31, 1950.—W. H. Kemp, defendant, was charged by a town policeman of the Town of Bloomsburg with having violated section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §481, which provides:

"Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a) Any person who drives any vehicle or street car or trackless trolley omnibus upon a highway *carelessly and wilfully, or wantonly* disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

Defendant was found guilty of the charge before the justice of the peace, and through his attorney an appeal was allowed to this court, and thereafter a hearing de novo was held, and from the testimony it appears that M. H. Raper, of Bloomsburg, Pa., was operating a Buick sedan on the Main Street of the Town of Bloomsburg, at about 6 o'clock in the evening, at which time it was dark and raining. Mr. Raper was traveling in an easterly direction and when he approached the intersection of Murray Avenue and Main Street (Murray Avenue being an alley intersecting Main Street between Market Street and Jefferson Street), he turned from his southern lane of traffic, across the northern lane of traffic to his left, and before he had completely negotiated the intersection, defendant, who was traveling in a westerly direction on the north side of the highway, collided with the Raper car at the northern curb line of Main Street.

Mr. Raper testified that he saw defendant's car approaching, but that he believed he had time to make

the left-hand turn. A disinterested witness for defendant, who was following the Raper car, testified that the Raper car darted from its direct line of traffic across in front of the oncoming defendant's car when defendant was not very far away. Defendant himself testified that the Raper car began negotiating the left-hand turn when he was about 25 feet east of Murray Avenue, and that in order to avoid a collision he pulled to his right, but was unable to stop and, therefore, the accident took place at the right-hand curb, the front of defendant's car running into the right door of the Raper car. There is testimony by a disinterested Commonwealth's witness that defendant's car was traveling at a high rate of speed.

The question is whether or not, under these facts, is the evidence sufficient as a matter of law to sustain a finding that defendant was guilty of the above-quoted section of The Vehicle Code?

At the outset it is to be noted that this section of the code is criminal in nature, and therefore, must be strictly construed. We further note that this is a criminal prosecution, and to find defendant guilty, the court must be satisfied from the evidence that defendant is guilty beyond a reasonable doubt. From an examination of the above-quoted act it is to be observed that the act requires the person to drive a vehicle "carelessly and wilfully, or wantonly disregarding the rights or safety of others". Words used in the statute must be given their ordinary use and meaning, and the common meaning of the term "wilful", when used in a criminal statute, means something more than a mere voluntary or intentional act. It implies a guilty mind. It means that the act is done without justification or excuse. The words "carelessly and wilfully, or wantonly" imply something more than mere neglect or negligence. There must be present in the mind of the doer a certain degree of will power. Some courts

have used the term "gross negligence" to describe the conduct set forth in the act as being criminal. There is a pronounced distinction between the conduct contemplated by the act to be criminal and the conduct contemplated in a civil suit based upon negligence.

In the case of Commonwealth v. Michails, 43 D. & C. 221, it is stated by Judge Rowley (p. 227):

"There are countless instances where the careless operation of an automobile endangers persons or property, but it will not be seriously argued that in all such cases the operator is guilty of the offense of reckless driving. The offense is not made out by proof of negligence or carelessness only, but it must be shown that the operator wilfully or wantonly endangered a person or property."

The operator of a motor vehicle approaching an intersection and intending to make a left-hand turn from the direct line of traffic across in front of an oncoming car approaching in its direct lane of traffic, is under the highest duty to be exceedingly vigilant and use great care and caution to determine that he can make that left turn in safety before proceeding, and where an operator does such an act and makes a mistake in judgment by pulling in front of an oncoming car, we do not believe it can be said that the driver of the oncoming car, who is placed in a position of peril and danger by the operator pulling over in front of him, can be said to be guilty of reckless driving merely upon the happening of an accident. The driver of the oncoming car is only under a duty to exercise his best judgment and endeavor to avoid the impending collision.

In a recent case of Commonwealth v. Yeager, in the Court of Quarter Sessions of Montour County, May sessions, 1949, no. 26, where the facts were almost analogous to the present case, the State police who instituted the prosecution after the collision prosecuted

the person making the left-hand turn in front of the oncoming automobile in another lane of traffic, and in that case we sustained the prosecution.

We do not in this case decide who was negligent, or who caused the accident, but we are of the opinion that the Commonwealth has failed to produce sufficient evidence to establish the guilt of this defendant beyond a reasonable doubt, that he was operating his motor vehicle in a wilful and wanton manner immediately prior to this accident so as to find him guilty of criminal conduct. It may very well be that defendant was driving at an excessive rate of speed, and that his conduct in running into the Raper car was negligent, but we do not believe that the evidence is sufficient to say that he was criminally negligent. The Commonwealth has failed to show that defendant wilfully or wantonly endangered a person or property, but merely shows that an automobile pulled across in front of his direct line of traffic when he was in such close proximity that he was unable to stop his vehicle and let the other car proceed in front of him. The evidence that he swerved his car to the right and the accident took place along the northern curb line, in our opinion, merely indicates his close proximity to the car that turned in front of him, and that he did the very natural thing in attempting to avoid hitting the car that pulled across his right of way.

Every motorist upon the highway is under a duty to see something upon the highway that is obviously there. Defendant's car was obviously on the Main Street of Bloomsburg traveling in a westerly direction in his direct line of traffic immediately prior to the accident, and it is vain for the operator traveling in an easterly direction on the southern side of the highway, intending to make a left-hand turn, to say that defendant's car was not upon the highway, or that he did not see it, because it was obviously there. We take into consideration that this was a dark, cold rainy night when visibility was poor and an accident happened, and we

believe that it is possible for accidents to occur under such circumstances when neither operator is criminally liable for the accident. However, one or the other may very justly and rightly be civilly liable for the accident. An accident can happen without one or the other driver acting wilfully and wantonly to make him criminally responsible, but may be caused by the poor exercise of judgment or some other unavoidable occurrence that makes the accident inevitable.

As stated before, this being a criminal proceeding, the burden is on the Commonwealth to prove the guilt of defendant beyond a reasonable doubt, and under the testimony offered in this case, especially by the disinterested witness who testified on behalf of defendant, we are unable to reach a conclusion of guilt beyond a reasonable doubt, and we, therefore find defendant not guilty.

And now, to wit, July 31, 1950, defendant is adjudged not guilty of the charge made against him; the appeal is sustained.

The costs are to be paid by the County of Columbia.